## Irvine *versus* Barrett.

1. The rule for the rate of interest is furnished by the law of the place, where the contract is to be performed.

2. Where a security is given in pursuance of a decree of a court of justice, it is to be construed according to the intention of the tribunal which directed its execution, and in contemplation of law, is to be performed at the place where the court exercises its jurisdiction.

3. A bond given in this State as collateral, to secure a debt in New York, is controlled by the law which controls the principal indebtedness, so far as relates to the rate of interest.

ERROR to the Court of Common Pleas of *Warren county*.

The facts, so far as necessary to an understanding of the case, appear in the opinion of the court.

*Church* and *Thompson*, for plaintiff in error, cited *Von Hemert* v. *Porter*, 11 Met. 210; *Archer* v. *Dunn*, 2 W. & S. 364; Story's Confl. Law, §§ 293, 304; *Hasford* v. *Nichols*, 1 Paige, 220; Voet, ad Pand. lib. 22; *Stapleton* v. *Conway*, 3 Atk. 727; *Bonsall's Appeal*, 1 R. 226; *Johnson's Appeal*, 12 S. & R. 317; *Royers' Appeal*, 1 Jones, 36; *Stem's Appeal*, 5 Wh. 472; *Galbraith* v. *Galbraith*, 6 W. 112; *Hume* v. *Hume*, 3 Barr, 151; *Evans* v. *Mengall*, 1 Id. 68; *Pleasants* v. *Pemberton*, 2 Dall. 196; *Brown* v. *Cadwell*, 10 S. & R. 114; *Walf* v. *Echelburger*, 2 Pa. R. 346; *Kisler* v. *Kisler*, 2 Watts, 323; *Hampton's case*, 17 S. & R. 114; Act relating to Orphans' Court, 29th March, 1832, sec. 8.

———, for defendant in error.

The opinion of the court was delivered by

LEWIS, J.—This was a proceeding to ascertain the amount due on a bond of the 29th of December, 1841, given expressly "to secure the payment of a former bond and mortgage, of the 30th of March, 1836, with interest." This bond was, therefore, merely a collateral security, and the sum to be recovered on it, is to be governed altogether by the amount of the principal debt. That depends upon the rate of interest to be allowed, and the rule for the rate is furnished, by the law of the place where the contract was to be performed. The bond and mortgage were given in pursuance of a decree of the vice-chancellor of the Eighth Circuit of the State of New York, and were filed of record, and approved of by that court, on the 20th of April, 1837. They were given to secure the payment of a sum of money due to

[Irvine *v.* Barrett.]

Rufus Weatherbee, in his life-time, and payable in consideration, *inter alia*, of the conveyance agreed to be made by Weatherbee to Irvine, of certain lands in New York. The mortgage was upon lands in New York, and was made payable, with the bond, to Barrett, the guardian appointed by the vice-chancellor of the Eighth Circuit of New York, in execution of a decree of specific performance, made by him in that State. Barrett, the guardian, to whom the bond and mortgage were made payable, resided in the State of New York, and when he accepted the trust, under the appointment of the court of that State, gave bond to obey the orders and direction of that court, in relation to the trust. Where a contract is made with the government, it is, in contemplation of law, made at the place where its principal powers are to be exercised. 7 Pet. 449 ; 6 Id. 172. And where a security is given in pursuance of a decree of a court of justice, it is to be construed according to the intention of the tribunal, which directed its execution, and is in contemplation of law made and to be performed, at the place where the court exercises its jurisdiction. Dig. 45, 1, 52. If the lands bound by such security are located there, if the person to whom the money is made payable, resides there, and is appointed by the court to receive it, and pay it out under its directions, and if the money is in part consideration of the conveyance of the mortgaged premises, made in pursuance of the decree of specific performance, pronounced by the same court, the contract must be performed according to the law of the place where the court exercises its jurisdiction. The original indebtedness was without interest. The credit, according to the terms of the contract, had expired on the 1st of July, 1835. The decree of the court directed the money to be secured by bond and mortgage with *annual interest*. The bond and mortgage were given on the 30th of March, 1836, after the original credit had expired, and they were filed and approved on the 20th of April, 1837, more than two years after the debt, by the terms of the original contract, was due. That contract was with Weatherbee himself. The bond and mortgage was given to Barrett, the guardian of his heirs. Under these circumstances, the original contract is extinguished by the decree, and a new indebtedness is created, payable at a different time, to a different party, and with an express contract for annual interest, where there was no contract for interest before. We have no doubt, that the interest payable under that decree, and secured by the bond and mortgage given in pursuance of it, is to be calculated according to the rate allowed by the law of New York. The bond given in this State, being but a collateral security for the former, is to be governed by the law which controls the principal indebtedness. In this

particular, the instructions of the Court of Common Pleas were correct.

We have examined the other errors assigned, but cannot perceive that the plaintiff in error has any just cause of complaint.

Judgment affirmed.