GEORGE H. ANDERSON v. WILSON L. ROSE.

The "Act to increase the jurisdiction of justices of the peace," approved March 12th, 1879 (*Rev. Sup., p.* 402), gives jurisdiction to a justice of the peace, sitting in the court for the trial of small causes, upon a bond whereon is due more than $100 but less than $200, although the penalty named therein exceeds $200.

*Certiorari* to a justice of the peace.

Argued at February Term, 1889, before Justices MAGIE and GARRISON.

For the prosecutor, *S. A. Patterson* and *H. G. Clayton.*

For the defendant, *Hawkins & Durand.*

The opinion of the court was delivered by

MAGIE, J.   A justice of the peace, sitting in the court for the trial of small causes, assumed jurisdiction of an action on an appeal bond, the penalty of which exceeded $200, and rendered judgment thereon against prosecutor for $147.79.

Prosecutor contends that there was no jurisdiction to render such a judgment, and that it should be set aside.

The question raised must be solved by determining the meaning of the "Act to increase the jurisdiction of justices of the peace," approved March 12th, 1879 (*Rev. Sup., p.* 402), in connection with section 2 of the "Act constituting courts for the trial of small causes."   *Rev., p.* 537.

By section 1 of the last mentioned act, jurisdiction in certain cases had been conferred on courts for the trial of small causes held by justices of the peace, when the " debt, balance or other matter in dispute did not exceed, exclusive of costs, the sum or value of $100."

By section 2 it was enacted, that whenever the amount really due on any bond, bill, note or other contract in writing, should not exceed, exclusive of costs, the sum or value of

$100 at the time the suit should be instituted, then such amount should be recoverable, without regard to the penalty expressed in the contract, in the same manner any other debt or demand of similar amount was made recoverable by the act.

That section differs from section 64 of the "Act constituting courts for the trial of small causes" of April 16th, 1846 (*R. S., p.* 229), which was identical with section 44 of the act with the same title of February 12th, 1818. *Rev. L., p.* 629. Those sections referred to any bond, bill, note or other contract in writing "for the payment of any sum of money," and provided that when any such contract had been reduced by a *bona fide* payment of part of the consideration (the receipt of which had been endorsed thereon), or by set-off, to $100 or under, then the balance due should be considered the real debt, without regard to the penalty, and should be recoverable in the same manner as any other debt or demand of similar amount.

In *Graecen* v. *Allen*, 2 *Gr.* 74, this court declared, that this legislation had, with respect to mere money bonds sued on in that court, changed the whole course of the common law, in that it required a judgment thereon, not for the penalty, but for the real debt due.

The revised act of 1874, however, referred to any bond, bill, note or contract in writing, and made the amount really due thereon—whether reduced by payments receipted or by set-off or not—the test of jurisdiction, and in respect thereto continued and extended the change in the course of the common law which had been determined to be the result of the former legislation.

Reading together the first two sections of the revised act of 1874, it is plain that section 2 is explanatory of section 1, and declares that, whenever a suit shall be instituted in that court, on any bond, bill, note or other contract in writing, the debt, balance or other matter in dispute, which, by section 1, must, in order to confer jurisdiction, not exceed $100, shall be considered to be the real amount due, and not the penalty.

The "Act to increase the jurisdiction of justices of the peace" (*ubi supra*), has been considered in this court and held to apply only to such jurisdiction as those officers exercised under the "Act constituting courts for the trial of small causes." *Wright* v. *Moran*, 14 *Vroom* 49. It therefore, in effect, amended the latter act.

By its section 1, in language coincident with that employed in section 1 of the latter act, it increased the jurisdiction of courts for the trial of small causes in respect to any debt, balance or matter in dispute, cognizable before them, from $100 to $200. But as the act thus amended had already by its own terms, explained that, in cases of bonds, bills, notes or other contracts in writing, the jurisdictional test as to amount was not the penalty but the real amount due, so the act when amended must be subject to the same explanation, and the same test of jurisdiction must be applied.

The result is, that, since the increase of jurisdiction by the act referred to, such courts have jurisdiction of any suit upon such contracts, when the real amount due does not exceed, exclusive of costs, $200, although it exceeds $100, and although the penalty of the contract exceeds $200.

The judgment brought up by this writ should be affirmed, with costs.