## SANDERS et v PIERCE

Ohio Appeals, 2nd Dist, Franklin Co

No 2325. Decided Nov 17, 1933

Huggins & Liggett, Columbus, for plaintiffs in error.

Williams & Nash, Columbus, and Will J. Hays, Columbus, for defendant in error.

## OPINION

By HORNBECK, PJ.

By the second defense of the answer it is the claim of defendants that at the time the bond was executed it was not in contemplation of the parties that its conditions should be broad enough to guarantee the payment of the judgment thereafter secured by the plaintiff against the International Telephone Company; that the judgment which thereafter was returned in behalf of Pierce was upon another and different cause of action than that which was in existence or in contemplation at the time when the defendants executed and delivered the bond under consideration.

In support of this position counsel for defendants set out in their brief at great length the circumstances under which the bond was given and certain of its terms. It is also further claimed that the express language of the bond is conclusive that it did not cover the judgment upon which the plaintiff instituted his action in the instant cause. In support thereof, the following recital in the bond is set out:

"Whereas, the said George B. Pierce through its attorney has objected to the granting of said application and it has been ordered by the court as one of the conditions of the granting of said application that a suitable bond be given, with sufficient surety in the sum of Twenty Thousand Dollars ($20,000.00) to secure the payment in full to the said George B. Pierce, of any and all amounts which may hereafter, upon the final hearing of this action, be found to be due said George B. Pierce from the said The International Telephone Company **upon said claim set up and sued upon in said action.**"

The remaining part of the bond, in so far as pertinent, reads:

"Now, therefore, in consideration of the matters aforesaid * * * if the said principal and sureties as aforesaid shall pay to the said George B. Pierce any and all sums which may hereafter be found, ordered and adjudged to be due and payable from the said The International Telephone Company to the said George B. Pierce in the said case aforesaid, * * * then this obligation shall be void, otherwise to remain and be in full force forever."

Cases are cited by counsel for defendants wherein bonds were given, by virtue of statute, as in attachment and replevin. **Bently et v Dorcas et, 11 Oh St, 398. Jayne's, Exrx. v Platt, 47 Oh St, 262.**

The courts read into such bonds the purpose of the statute under which given and required the sureties to answer to a liberal construction. It is claimed in the instant case that such decisions are without binding authority because the bond under consideration was a contractual obligation and not to be considered under the classification of the bonds set forth in the cited cases. It is true that the bond in the instant case was not a statutory bond as such but it was a judicial bond made upon court order, given under the broad power of the court in receivership proceedings. It must be construed according to the intention of the tribunal which directed its execution, if the language will permit. Sonneborn v Libby, 102 NW, 539, 17 NE 813, and the bond and the order must be construed together. Irvine v Barrett, 2 Grant (Pa.) 73. The extent of the obligation upon the signers of the bond must be determined by the language of the instrument, in the light of the circumstances under which it was given. What is the intent of the obligation determined upon this test? In one view it is sought to be limited to a recovery upon a judgment and no other. which might be rendered upon the cause of action set up and sued upon by the plaintiff at the time the bond was given. Such technical interpretation is possible upon consideration of a part of the instrument only.

The circumstances existent at the time the bond was given were that the defendants, stockholders of the defendant corporation, with knowledge that all the assets of the corporation would, unless the bond in question could be given, be held by the receivers until final determination was made in the case, wherein Pierce was the plaintiff and The International Telephone Co. was the defendant. Upon their application, the court permitted the release of all of the assets of the Telephone Company in the hands of the receivers to be made to the corporation and indirectly to the defendants. There would seem to be little doubt that the court, by taking this bond, undertook to make the plaintiff secure in the event that he should prosecute his action against the Telephone Company to final judgment and took the bond in lieu of the assets which if not released would have been subject to the judgment eventually secured by the plaintiff. It is probable that the court not only intended to assure to the plaintiff the payment of a judgment upon the cause of action then set up in his petition, but upon any cause of action that might arise upon issues drawn in the entitled suit upon any proper amendment to the petition. With this purpose in mind, then as there is ambiguity in the language we should consider the whole of the bond. Its recitations, independent of the language "upon said claim set up and sued upon in said action" clearly obligates the defendants to pay any judgment secured by the plaintiff in **the action.** This is indicated by this condition:

"Whereas, the said George B. Pierce, through his attorney, has objected to the granting of said application (for the discharge of the receivers) and it has been

ordered by the court as one of the conditions of the granting of said application that a suitable bond be given with sufficient surety * * * to secure the payment in full to the said George B. Pierce of any and all amounts which may hereafter upon the final hearing of this action be found to be due said George B. Pierce from the said The International Telephone Company (upon said claim set up and sued upon in said action, * * *,)"

and the obligation:

"* * * if the said principal and sureties as aforesaid shall pay to the said George B. Pierce any and all sums which may hereafter be found, ordered and adjudged to be due and payable from the said The International Telephone Company to the said George B. Pierce in the said case aforesaid, * * * then this obligation shall be void, otherwise to remain and be in full force forever."

The penal obligation refers back to the condition. A technical interpretation of the language "upon said claim set up and sued upon in said action" might require a determination that it could only refer to the cause of action then stated in the petition as filed. But our civil procedure, its requirements and privileges must also be considered in any bond given under order of court. The court ordering the bond knew, and those who gave it must be charged with such knowledge, that "claim set up and sued upon in said action" could mean any claim properly arising from the petition upon the pleadings or issues in the action in which the bond was required.

A case of value is Roberts et v Dust et, 4 Oh St, 503, an action wherein a bond was given to obtain the allowance of an injunction to restrain the obligees from excavating or cleaning out a race running through certain premises of Dust. The bond provided that if Dust "shall pay all moneys and costs due and to become due from him, and all moneys and costs which shall be decreed against him in case said injunction shall be dissolved, then this obligation shall be void." The injunction was dissolved at the cost of defendants. The plaintiff sought to recover, upon breach of the bond, damages in the sum of $1500.00 from the time of the allowance of the injunction until the time of its dissolution for the deprivation of control and use of the mill-race and of the water that used to flow through the same to the mills of the plaintiff, by means of which the plaintiffs were deprived, during all that time, of the use of one sawmill, one oil mill, one corn mill and a carding machine.

It was the claim of the defendants in their answer that the bond only provided for the payment of costs of the proceedings in chancery, as well as the cost of the action at law and that they had been fully paid. To this answer the plaintiffs demurred. The demurrer had been overruled and the action proceeded in the Supreme Court to reverse the decision.

The court, in discussing the issue, at page 504, says:

"The only question presented for our consideration is whether the obligors in the bond were bound to the plaintiffs for anything more than the amount of the decree of the court in favor of the plaintiffs at the time of the dissolution of the injunction and dismissal of the bill. The district court held that, as the decree of the old Supreme Court was for costs only, that the payment of these costs was a full compliance with the condition of the bond."

And at page 505:

"This question must be determined by the bond. What is a fair construction of the instrument? What did the parties intend by this instrument? In determining this question we look not only to the words of the bond, but to the facts and circumstances referred to in the bond itself. That part of the condition of the bond upon which the plaintiffs rely, is in these words: 'Now, if the said Joseph E. Dust shall pay all moneys and costs due and to become due from him, and all moneys and costs which shall be decreed against him in case said injunction shall be dissolved, then this obligation to be void.' The construction put upon this bond by the district court was, that if the said Joseph E. Dust should pay all moneys and costs which should be decreed against him in the chancery proceeding, he would have fulfilled the condition of the bond. This construction makes entirely inoperative that part of the condition of the bond which provides that Dust should pay all moneys and costs due and to become due from him. By the words of the bond he is not only to pay all moneys and costs due and to become due, but he is also, by the express language, to pay the amount which may be decreed against him on the dissolution of the injunction; it is not that he shall pay all moneys due and to become due, or the moneys that may be decreed against him, but he is, by the express condition of the bond, to do both.

"If any effect can be fairly given to the

first clause of the condition, it ought not to be rejected as mere verbiage. As a general rule, a liberal construction should be put upon written instruments, so as to uphold them if possible, and carry into effect the intention of the parties. In Broom's Legal Maxims, p. 347, it is said: 'The two rules of most general application in construing a written instrument, are—1. That it shall, if possible, be so interpreted ut res magis valeat quam pereat; and 2. That such meaning shall be given to it as may carry out and effectuate, to the fullest extent, the intention of the parties. It is laid down repeatedly by the old reporters and legal writers, that in construing a deed, every part of it must be made, if possible, to take effect, and every word must be made to operate in some shape or other. The construction, likewise, must be such as will preserve rather than destroy; it must be reasonable and agreeable to common understanding, and as near the minds and apparent intents of the parties as the rules of law will admit'."

In our judgment, upon consideration of the language employed, in the light of the circumstances under which the bond was given, it is probable that the intent of the bond was to require the principal and the sureties to pay any judgment which the plaintiff would obtain against the defendant, The International Telephone Company, based upon the petition in the case in which the bond was executed. No other construction should be made unless a full consideration of all of the language of the bond, in and of itself, would require it.

There are many other questions raised on the separate defenses of the answer of defendants, all of which we have considered. We have discussed the one defense which, in our judgment, raises any substantial question on the pleadings.

The judgment of the trial court will be affirmed.

KUNKLE, J, concurs.

### DISSENTING OPINION

By BARNES, J.

It is with regret that I find myself unable to agree with my associates in the determination of the above entitled cause, and it seems appropriate that reasons therefor be stated.

It seems to me that the proffered answer to which demurrer was sustained and thereafter final judgment entered very clearly raises the issue as to whether or not the bond signed by plaintiff in error could be extended to cover an obligation not in contemplation of the parties at the time the bond was signed.

Previous to the execution of the bond Pierce had commenced an action against a corporation; had made application for the appointment of a receiver and on his application a receiver was appointed to take charge of the assets for the benefit of the creditors.

An application was filed to lift the receivership. Pierce objected to this request. The trial court granted the motion on condition that the company furnish a bond in the sum of $20,000.00 for the benefit of Pierce to secure any judgment which Pierce might recover in his action then pending.

Pierce did not recover at all on the cause of action then stated but thereafter and after hearing before a Master Commissioner and determination that Pierce was not entitled to recover, the court permitted amendment to the petition to include other services than those sued for, and then made a finding in favor of Pierce on this new claim. The trial court was warranted in making the amendment to the pelading because of the answer of the defendant asking for an accounting and the wide latitude taken by the parties in the introduction of testimony. Of course, the trial court in the interest of avoiding further litigation would go to great lengths in permitting amendments to pleadings so as to determine, once and for all, the controversies between the parties. However, it must be remembered that the bondsman was not a party to that litigation. By no stretch of the imagination should the bondsman be held to contemplate a liability unheard of at the time of the execution of the bond. The language of the bond itself very clearly discloses what was in contemplation of the parties.

It is my conclusion that the court was in error in entering final judgment.